UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
:
**AMIR AKBAROVICH ROGANOV**,
:
                        Petitioner,
:   **MEMORANDUM DECISION**
:   **AND ORDER**
        – against –
:   26-CV-1296 (AMD)
:
**RAUL MALDONADO, JR,** in his official
capacity as Warden, Metropolitan Detention
Center; **KENNETH GENALO,** in his official
capacity as New York Field Office Director, U.S.
Immigration & Customs Enforcement;
**PAMELA BONDI,** in her official capacity as
Attorney General of the United States; **KRISTI
NOEM,** in her official capacity as Secretary of
Homeland Security; and **TODD M. LYONS,** in
his official capacity as Acting Director of
Immigration & Customs Enforcement;
:
                        Respondents.
:
---------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On February 9, 2026, U.S. Immigration and Customs Enforcement ("ICE") arrested and detained the petitioner when he reported for a check-in appointment with ICE. (ECF No. 1 ¶ 24; ECF No. 4 at 2.) He is currently detained at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. (ECF No. 1 ¶ 1.) The petitioner seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. (*Id.* at 2.) The Court grants the petition, as explained below.

### BACKGROUND[1]

The petitioner is an asylum seeker from Uzbekistan. (*Id.* ¶¶ 2, 8.) In February 2024, he entered the United States without inspection. (*Id.* ¶ 23.) Later that month, the petitioner was

---

[1] The Court bases the discussion of the facts, which are undisputed unless otherwise noted, on the parties' submissions, including exhibits. *See Hyppolite v. Noem*, No. 25-CV-4304, 2025 WL 2829511, at *2 n.1

arrested by U.S. Customs and Border Protection and issued a Notice to Appear ("NTA"). (ECF No. 4 at 1.) Customs and Border Patrol then referred the petitioner for enrollment in ICE's "Alternatives to Detention Program" (*Id.*) and released him on his own recognizance pending his appearance for removal proceedings before an immigration court (ECF No. 1 ¶ 23). Since then, the petitioner has lived in Brooklyn, New York. (*Id.*) He has pending claims for asylum and withholding of removal. (*Id.*)

On February 9, 2026, ICE arrested the petitioner when he reported for a routine check-in at 26 Federal Plaza in Manhattan. (*Id.* ¶ 24.) He was transferred to Delaney Hall Detention Facility in Newark, New Jersey, and then to the MDC in Brooklyn. (*Id.*) On March 5, 2026, the petitioner filed a petition for habeas relief, in which he asked the Court to issue an order to show cause. (ECF No. 1.) That day, the Court ordered the government to show cause why the petition should not be granted. (*ECF Order dated Mar. 5, 2026.*)[2] The government responded to the order to show cause on March 10, 2026. (ECF No. 4.)

## LEGAL STANDARD

A petition for a writ of habeas corpus under Section 2241 "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or law or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003)

---

(E.D.N.Y. Oct. 6, 2025); *Munoz Materano v. Arteta*, No. 25-CV-6137, 2025 WL 2630826, at *1 n.1 (S.D.N.Y. Sept. 12, 2025).

The Court has reviewed all the submissions and finds that the petition "present[s] only issues of law." 28 U.S.C. § 2243. Accordingly, the Court can decide the petition without a hearing. *See id.* (directing courts to "determine the facts, and dispose" of habeas petitions expeditiously, "as law and justice require"); *see also Tumba Huamani v. Francis*, No. 25-CV-8110, 2025 WL 3079014, at *1 n.1 (S.D.N.Y. Nov. 4, 2025).

[2] The Court also ordered the government not to remove the petitioner from the United States or transfer him out of the Eastern District of New York during the pendency of these proceedings. (*See ECF Order dated Mar. 5, 2026.*)

2

(quoting 28 U.S.C. § 2241(c)). "Federal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the constitutionality of their detention." *Lopez v. Sessions*, No. 18-CV-4189, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing *Denmore v. Kim*, 538 U.S. 510, 516–17 (2003)).

## DISCUSSION

In seeking a writ of habeas corpus, the petitioner alleges that his detention under 8 U.S.C. § 1225(b)(2)(A) violates the Immigration and Nationality Act ("INA") and his Fifth Amendment due process rights, because there has been no individualized review. (ECF No. 1 ¶¶ 58–64.) He also argues that the decision to detain and remove him violated the APA because it was arbitrary and capricious. (*Id.* ¶¶ 65–71.)[3]

The respondents incorporate all of the arguments from their opposition memorandum in *Ye v. Maldonado*, No. 25-CV-6417, (E.D.N.Y. Dec. 8, 2025), ECF No. 8, in which they argued that the petitioner's detention was lawful under Section 1225 because he has not been "admitted" into the country. (ECF No. 4 at 3–4.) The respondents concede, however, that this Court's decision in *Ye* "would control the result in this case." (*Id.*)[4]

---

[3] Because the Court concludes that the respondents detained the petitioner in violation of the Due Process Clause of the Fifth Amendment under either 8 U.S.C. §§ 1225 or 1226, it does not address the petitioner's APA claim.

[4] The government respectfully disagrees with the rationale in *Ye*, and asks the Court to adopt the reasoning in *Chen v. Almodovar, et al.*, No. 25-cv-9670, 2026 WL 100761 (S.D.N.Y. Jan. 14, 2026); *Chen v. Almodovar*, No. 25-cv-8350, 2025 WL 3484855 (S.D.N.Y. Dec. 4. 2025), appeal filed Dec. 16, 2025, No. 25-3169 (2d Cir.); *Weng v. Genalo*, No. 25-cv-9595, 2025 WL 194248 (S.D.N.Y. Jan. 25, 2026); *Arana v. Arteta*, No. 26-cv-240, 2026 WL 279786 (S.D.N.Y. Feb. 3, 2026); *Lopez v. Noem*, No. 26-cv-345, 2026 WL 266597 (S.D.N.Y. Feb. 2, 2026); *Candido v. Bondi*, No. 25-cv-867, 2025 WL 3484932 (W.D.N.Y. Dec. 4, 2025), appeal filed Dec. 16, 2025, No. 25-3159 (2d Cir.); *Wenxin Liang v. Almodovar*, No. 25-cv-9322, 2025 WL 9322, at *4–11 (S.D.N.Y. Dec. 15, 2025); and *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). (ECF No. 4 at 3–4 n.4.) As explained in *Ye,* the Court respectfully disagrees with the reasoning in those cases.

The Court adheres to its reasoning in *Ye*, and finds for the same reasons, as well as the reasons in Judge Hector Gonzalez's decision in *O.F.B. v. Maldonado*, No. 25-CV-6336, 2025 WL 3277677 (E.D.N.Y. Nov. 25, 2025), that the petitioner, who was previously released on his own recognizance in February 2024, is currently being detained pursuant to 8 U.S.C. § 1226 and in violation of his rights to due process under the Fifth Amendment of the Constitution. Furthermore, the Court finds that even if Section 1225 applied to the petitioner's detention, the petitioner was still entitled to due process before the government arrested him and detained him on February 9, 2026. Under either section of the INA, the government has unlawfully detained the petitioner since February 9, 2026 because it denied him due process. The "typical remedy" for "unlawful executive detention" is "of course, release." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The government's ongoing detention of the petitioner, in the face of this complete failure of process, entitles him to immediate release.

Accordingly, the petition for a writ of habeas corpus under 28 U.S.C. §2241 is granted. The government is directed to release the petitioner from custody immediately and within 24 hours of this Order. The government is further directed to return to the petitioner any and all funds or property seized from him when he was arrested. The government is directed to certify compliance with the Court's Order by filing a letter on the docket no later than 7:00 p.m. on March 11, 2026. The Court further orders that the petitioner must not be re-detained without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where the government will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a). The deadline for the petitioner to apply for an award of reasonable fees and costs pursuant to the Equal Access to Justice Act is April 10, 2026.

## CONCLUSION

For these reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241, ECF No. 1, is granted. The Clerk of Court is respectfully directed to enter judgment consistent with this Order and close the case.

**SO ORDERED.**

s/Ann M. Donnelly
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       March 10, 2026